IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RYAN PETROVIA, | * | |
| Plaintiff | * | |
| v | * | Civil Action No. RDB-20-2522 |
| PRIME CARE MEDICAL INC., | * | |
| BALTIMORE COUNTY DETENTION CENTER, and | * | |
| WARDEN GAIL WATTS, | * | |
| Defendants | | |

\*\*\*

## MEMORANDUM OPINION

Self-represented Plaintiff Ryan Petrovia, currently incarcerated at the Baltimore County Detention Center ("BCDC") in Towson, Maryland, brought this civil action pursuant to 42 U.S.C. § 1983 against Prime Care Medical, Inc. ("Prime Care"), BCDC, and Warden Gail Watts. ECF Nos. 1, 5. Plaintiff claims that he suffers from post-traumatic stress disorder ("PTSD"), anxiety, and depression, and has received untimely and inadequate treatment for his conditions at BCDC. *See id.*

On December 14, 2020, Defendants filed a Motion to Dismiss Plaintiff's Complaint. ECF No. 10. Plaintiff filed a response in opposition, reiterating that there is no mental health treatment provided at BCDC and he has not been provided his medication at times.[1] ECF No. 12. Defendants replied.

A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons explained below, the Court will grant Defendants' Motion.

---

[1] Plaintiff also complains about the conditions of his confinement at BCDC. "[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101 (7th Cir.1984)). Thus, the Court declines to address Plaintiff's conditions claims here.

**Background**

Plaintiff claims that while incarcerated at BCDC, he has submitted numerous sick call requests to see mental health providers for evaluation and treatment but the contracted medical provider, Prime Care, does not provide timely or adequate medical and mental healthcare. ECF No. 1 at 2. According to Plaintiff, medical staff sometimes take up to two weeks to respond to sick call requests, or they ignore requests altogether. ECF No. 5. Plaintiff alleges that he has seen a doctor once, at which time he received antidepressants and a mood stabilizer but was not offered therapy as part of his treatment for PTSD and depression. *Id.* Plaintiff claims that the lack of treatment has resulted in emotional suffering and worsening of his mental disabilities. ECF No. 1 at 2.

**Standard of Review**

Defendants seek to dismiss Plaintiff's action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. "'[T]he purpose of Rule 12(b)(6) is to test the legal sufficiency of a complaint'" and not to "'resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999)). As the legal sufficiency of the complaint is challenged under a Rule 12(b)(6) motion, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Eastern Shore Mkts. v. J.D. Assocs. Ltd. P=ship*, 213 F.3d 175, 180 (4th Cir. 2000) (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A Rule 12(b)(6) motion to dismiss "should only be granted if, after accepting all well-pleaded allegations in the plaintiff's complaint as true, it appears certain that plaintiff cannot prove any set of facts in support of his claim entitling him to relief." *Migdal v Rowe Price-Fleming Int'l, Inc.*, 248 F.3d 321, 325

(4th Cir. 2001); *see also Venkatraman v. REI Sys, Inc.*, 417 F.3d 418, 420 (4th Cir. 2005). Furthermore, the "Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Rather, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Migdal*, 248 F.3d at 325-26; *see also Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002) (stating that a complaint need only satisfy the "simplified pleading standard" of Rule 8(a)). However, while "notice pleading requires generosity in interpreting a plaintiff's complaint . . . generosity is not fantasy." *Bender v. Suburban Hosp., Inc.*, 159 F.3d 186, 191 (4th Cir. 1998).

In reviewing the complaint, the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman*, 417 F.3d at 420; *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997); *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The court must disregard the contrary allegations of the opposing party. *A.S. Abell Co. v. Chell*, 412 F.2d 712, 715 (4th Cir. 1969). However, in considering a motion to dismiss, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments" nor "the legal conclusions drawn from the facts." *Eastern Shore Mkts., Inc.*, 213 F.3d at 180; *see also Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 329 F.Supp.2d 574, 578 (D. Md. 2004).

**Analysis**

I.   **BCDC**

As a preliminary matter, BCDC is not a "person" subject to suit under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a

"person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law and are not subject to suit under § 1983. *See Smith v. Montgomery Cty. Corr. Facility*, Civil Action No. PWG-13-3177, 2014 WL 4094963, at *3 (D. Md. Aug. 18, 2014) (holding that Montgomery County Correctional Facility "is an inanimate object that cannot act under color of state law and therefore is not a 'person' subject to suit under Section 1983"); *Preval v. Reno*, 57 F.Supp.2d 307, 310 (E.D. Va. 1999) (stating that "the Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983"); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D. N.C. 1989) (noting that "[c]laims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit").

Conduct amenable to suit under 42 U.S.C. § 1983 must be conduct undertaken by a person. Because BCDC is not a person within the meaning of the statute, Plaintiff's claims against it cannot stand.

**II.    Prime Care and Warden Gail Watts**

To the extent Plaintiff brings constitutional challenges under § 1983, he must aver each defendant's personal participation; respondeat superior liability is not available. *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001); *see also Love-Lane v. Martin*, 355 F.3d 766, 782 (4th Cir. 2004). Thus, supervisory officials cannot be held liable for the acts of their subordinates unless the supervisor's "indifference or tacit authorization of subordinates' misconduct" can be deemed to have caused the injury to the plaintiff. *Baynard v. Malone*, 268 F.3d 228, 235 (4th Cir. 2001) (quoting *Slakan v. Porter*, 737 F.2d 368, 372 (4th Cir. 1984)). Plaintiff does not allege that Watts participated directly in any wrongdoing. Nor has Plaintiff demonstrated any pattern of widespread abuse necessary to establish supervisory action or inaction giving rise to § 1983 liability. *See*

4

*Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse"). Simply put, no set of facts in the Complaint give rise to § 1983 liability against Watts, and the claims against her shall be dismissed. *See Wellington v. Daniels*, 717 F.2d 932, 936 (4th Cir. 1983) (stating that "[g]enerally, a failure to supervise gives rise to § 1983 liability . . . only in those situations in which there is a history of widespread abuse").

If Plaintiff is attempting to hold Prime Care as a corporate defendant liable for an Eighth Amendment violation, the claim likewise fails. Even though a private corporation can be found to engage in state action -- a necessary precondition for § 1983 liability -- the involvement of the corporation cannot be predicated on a respondeat superior liability theory. *See Austin v. Paramount Parks, Inc.,* 195 F.3d 715, 727-28 (4th Cir. 1999); *Powell v. Shopco Laurel Co.,* 678 F.2d 504, 506 (4th Cir. 1982); *Clark v. Maryland Dep't of Public Safety and Correctional Services*, 316 Fed. Appx. 279, 282 (4th Cir. 2009). Thus, Plaintiff's claims against Prime Care also fail and shall be dismissed.[2]

---

[2] To the extent that Plaintiff also brings medical negligence claims, the Court declines to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c) (stating that a district court "may decline to exercise supplemental jurisdiction over a claim . . . [if] the district court has dismissed all claims over which it has original jurisdiction."). "When, as here, the federal claim is dismissed early in the case, the federal courts are inclined to dismiss the state law claims without prejudice rather than retain supplemental jurisdiction." *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726-27 (1966)). The medical negligence claims are dismissed without prejudice so that Plaintiff may pursue them in state court, if possible.

To sustain a medical malpractice claim in state court, Plaintiff must adhere to the Maryland Health Care Malpractice Claims Act, Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01, *et seq.*, which requires a plaintiff to file medical negligence claims with the Health Care Alternative Dispute Resolution Office prior to filing suit when the claimed damages exceeds the jurisdictional amount for the state district courts. *See id.* at § 3-2A-02; *see also Roberts v. Suburban Hosp. Assoc., Inc.*, 73 Md. App. 1, 3 (1987).

**Conclusion**

Defendants' Motion to Dismiss is granted. A separate Order follows.

\_1/29/2021_____  /s/_____
Date                                             RICHARD D. BENNETT
                                                 UNITED STATES DISTRICT JUDGE